United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50398
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GILBERT ANTHONY BAEZ,
also known as Gilbert Baez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-01-CR-17-1
--------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gilbert Anthony Baez appeals from his 108-month sentence following his guilty plea to attempted murder in violation of 18 U.S.C. § 1113. Baez seriously injured a bystander when he fired at least two shots from a 9mm handgun into a crowd intending to kill an individual with whom he had recently fought. The district court departed upward at sentencing due to Baez's use of a weapon during the offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Baez argues that the upward departure was erroneous because U.S.S.G. § 2A2.1, the guideline for attempted murder, takes into account the use of a dangerous weapon.  Baez relies on <u>United States v. Kelly</u>, 1 F.3d 1137, 1142 (10th Cir. 1993).  Because Baez did not object to the district court's upward departure at sentencing, our review is for plain error.  <u>See</u> <u>United States v. Gore</u>, 298 F.3d 322, 324 (5th Cir. 2002).

Assuming, without deciding, that the use of a dangerous weapon is taken into account by § 2A2.1, it is an encouraged factor that the district court may use for departure if it is present to a degree that is exceptional or that makes the case different from the ordinary case where the factor is present.  <u>See</u> <u>Koon v. United States</u>, 518 U.S. 81, 96 (1996); <u>see</u> <u>also</u> U.S.S.G. § 5K2.6.  Here, Baez fired multiple shots into a crowd, placing other individuals in danger of death or serious bodily injury.  Baez has not shown that the district court's upward departure was plain error.  <u>See</u> U.S.S.G. § 2A2.1, comment. (n.3).

AFFIRMED.